**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**

**CASE NO.:**

DUQUESNE SAINT-SURIN,

    Plaintiff,

vs.

THE BREAKERS PALM BEACH, INC.,
A Florida Limited Liability
Company,

    Defendant.
_____|

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, DUQUESNE SAINT-SURIN, by and through his undersigned attorney, alleges the following against Defendant, THE BREAKERS PALM BEACH, INC., a Florida corporation, and states, to wit:

**PARTIES**

2. At all times material to this action, Plaintiff, DUQUESNE SAINT-SURIN, is/was a resident(s) of Palm Beach County, Florida, is over the age of 18, and is otherwise sui juris.

3. At all relevant times, Defendant, THE BREAKERS PALM BEACH, INC., is a Florida corporation, located in Palm Beach County, Florida.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over the lawsuit because the suit arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, et seq., including

      incorporated provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.

5. Venue is proper in the Southern District of Florida pursuant to 42 U.S.C. § § 2000e-5(f)(3), Title VII "Venue"; and 28 U.S.C. § § 1391(b) and ( c) (Venue generally).

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6. Plaintiff, DUQUESNE SAINT-SURIN, timely filed with the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant, THE BREAKERS PALM BEACH, INC.  Plaintiff, DUQUESNE SAINT-SURIN, received a Notice of the Right to Sue from EEOC within ninety (90) days of the filing of this Complaint.  A copy of the each Right to Sue Notice Letter from the EEOC is attached as Exhibit "1".

## DISCRIMINATION UNDER THE ADEA

7. Plaintiff, whose age is 58 years, is an employee within the meaning of the ADEA and belongs to the class of employees protected under the statute, namely, employees over the age of 40. *{See 29 U.S.C. §§630(f), 631 (a).}*

8. For over 21 years Plaintiff was employed by Defendant as a food server in Defendant's banquets department, and during his employment, he was not subject to any disciplinary action by Defendant.  Plaintiff was never provided any documentation of poor performance, and never orally told that he was not meeting the company's performance standards.

9. Defendant is an employer within the meaning of the ADEA, is engaged in an industry affecting commerce, and has twenty (20) or more employees for each

working day in each of 20 or more calendar weeks in the current or preceding calendar year. *{See 29 U.S.C. §630(b).}*

10. Defendant intentionally discriminated against Plaintiff because of his age (56 years old at the time of his termination) in violation of the ADEA in the following manner, to wit:

    i. On October 14, 2021, Defendant terminated Plaintiff's employment based on the perception that Plaintiff had COVID-19, and that despite his knowledge of having Covid-19, Plaintiff worked on September 18, 2021, and on September 19, 2021, in violation of the Defendant's health and safety policy;

    ii. However, Plaintiff had worked the entire September 18, 2021, without any health issues. Plaintiff reported to work on September 19, 2021, because he was feeling fine and did not have any symptom or indication of a possible Covid-1 infection.

    iii. At the end of his shift on September 19, 2021, Plaintiff asked if he could go home because he had a scratchy throat and other employees were being allowed to go home. Plaintiff's supervisor authorized him to leave early.

    iv. Plaintiff was off on September 20, 2021, (a scheduled rest day), but returned to work on September 21, 2021.

    v. On September 22, 2021, Plaintiff's manager sent a SMS ("text") message, asking how he was feeling. Plaintiff replied that he was feeling fine. However, Plaintiff's manager instructed Plaintiff to remain at home in

|      |     |
| ---- | --- |
|      | quarantine, to get treatment and to take a Covid-19 test before returning to work.  Plaintiff did not have Covid-19. |
| vi.  | Plaintiff forwarded, via SMS/text message, Walgreens' message regarding the Covid-19 test results to his supervisor.  On September 28, 2021, Plaintiff's supervisor replied (via text), "Duke please go to take another test."  Plaintiff's supervisor instructed him to contact HR to let them know whether he wanted to use his accumulated sick or vacation days for those days that he missed. |
| vii. | On September 29, 2021, Plaintiff went to the MD Center for a Covid-19 test. |
| viii.| On October 1, 2021, Plaintiff's supervisor texted him that "No one has heard from you in days, including HR, with your result."  The supervisor's allegation was false, as a litany of contemporaneous communications between Plaintiff and Defendant had taken place.  Moreover, Defendant had not scheduled Plaintiff to work during this time |
| ix.  | On October 2, 2021, Plaintiff received a message from Defendant, informing him that his PRC test was scheduled for October 4, 2021. |
| x.   | Defendant asked Plaintiff for his insurance card and driver license, which he provided.  On October 5, 2021, Defendant confirmed that it had a copy of Plaintiff's insurance card and driver license. |
| xi.  | Plaintiff sent Defendant the results of his Covid-19 test from MD Now Medical.  The Covid-19 test results were negative.  Defendant called Plaintiff to inform him that he was cleared to return to work and that it |

        would send Plaintiff's information to Plaintiff's manager to schedule him for work.

   xii.    However, on October 13, 2021, Plaintiff received a text message from his supervisor, asking him if he was available for a follow up phone call at 1:00 pm.  The next day (October 14, 2021) Defendant terminated Plaintiff.

   xiii.   On September 19, 2021, Plaintiff's supervisor called him to inform him told that he should resign.

11. During Plaintiff's employment and after his termination on October 14, 2021, Defendant replaced older, more tenured employees, including Plaintiff, with younger, less experienced workers to staff its food and beverage operations.

## DAMAGES

12. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

   i.     Plaintiff was discharged from employment with Defendant;

   ii.    Although Plaintiff has diligently sought other employment, Plaintiff has been unable to find a job at comparable pay;

   iii.   In addition, Plaintiff has incurred expenses in seeking other employment (describe in detail, if any), and has had to pay for medical treatment that otherwise would have been covered by the health benefits plan offered by Defendant;

   iv.   Plaintiff suffered loss of his pension or retirement benefits;

   v.    Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits.  Reinstatement of Plaintiff in his

      previous position is impracticable and unworkable.  Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate him up to the mandatory retirement age of ( );

  vi.  Defendant's conduct was an intentional and willful violation of the ADEA.  Plaintiff is entitled to an award of liquidated damages within the meaning of he ADEA and the FLSA.

## ATTORNEY FEES & COSTS

11. Plaintiff is entitled to an award of attorney fees and costs under the ADEA.

## PRAYER FOR RELIEF

12. For these reasons, Plaintiff asks for judgment against Defendant for the following:

  i.  Injunctive relief to stop an unlawful employment practice; back pay; compensatory damages;

  ii.  Prejudgment interest on lost wages and benefits and post-judgment interest on all sums, including attorney fees;

  iii.  An award of reasonable attorney fees;

  iv.  An award for the costs of suit.

  v.  Any such other relief as the Court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff, DUQUESNE SAINT-SURIN, demands a trial by jury in all matters so triable.

Respectfully submitted on this 10th day of June , 2023.

**JAMES JEAN-FRANCOIS, P.A.**
Duty Free Americas, Suite 211
6100 Hollywood Boulevard
Hollywood, FL 33024
Phone: (954) 987-8832
Fax:    (954) 987-2622
E-mail address:
(P)    *jamesjeanfrancoisesq@hotmail.com*
(S)    *jjonlaw@hotmail.com*

*James Jean-Francois /s/*
By: _____
**JAMES JEAN-FRANCOIS, ESQ**.
Fla. Bar # 0495115
Attorney for Plaintiff