UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**CASE NO. 9:23-CV-80903**

DUQUESNE SAINT-SURIN,

    Plaintiff,

v.

THE BREAKERS PALM BEACH, INC,
a Florida Limited Liability Company,

    Defendant.
    _____/

## ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Defendant, THE BREAKERS PALM BEACH, INC. ("The Breakers"), by and through undersigned counsel, and states:

1. Plaintiff, DUQUESNE SAINT-SURIN, by and through his undersigned attorney, alleges the following against Defendant, THE BREAKERS PALM BEACH, INC., a Florida corporation, and states to wit:

**RESPONSE: The Breakers denies the allegations in Paragraph 1, except to admit for jurisdictional purposes only that Plaintiff purports to bring a cause of action. The Breakers denies that Plaintiff is entitled to any relief, denies that Plaintiff has stated legally cognizable claims, and denies any liability.**

## PARTIES

2. At all times material to this action, Plaintiff, DUQUESNE SAINT-SURIN, is/was a resident(s) of Palm Beach County, Florida, is over the age of 18, and is otherwise sui juris.

**RESPONSE: The Breakers is without knowledge of the allegations in Paragraph 2 and therefore denies the same.**

3. At all relevant times, Defendant, THE BREAKERS PALM BEACH, INC., is a Florida corporation, located in Palm Beach County, Florida.

**RESPONSE: The Breakers admits that it is a Florida corporation that does business in Palm Beach County, Florida.**

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the lawsuit because the suit arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, et seq., including incorporated provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§201 et seq.

**RESPONSE: The Breakers denies the allegations in Paragraph 4, except to admit for jurisdictional purposes only that Plaintiff purports to bring a cause of action under the Age Discrimination in Employment Act. The Breakers denies that Plaintiff is entitled to any relief, denies that Plaintiff has stated legally cognizable claims, and denies any liability.**

5. Venue is proper in the Southern District of Florida pursuant to 42 U.S.C. § § 2000e- 5(f)(3), Title VII "Venue"; and 28 U.S.C. § § 1391(b) and ( c) (Venue generally).

**RESPONSE: The Breakers denies the allegations in Paragraph 5, except to admit that venue is proper.**

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6. Plaintiff, DUQUESNE SAINT-SURIN, timely filed with the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant, THE BREAKERS PALM BEACH, INC. Plaintiff, DUQUESNE SAINT-SURIN, received a Notice of

the Right to Sue from EEOC within ninety (90) days of the filing of this Complaint. A copy of the each Right to Sue Notice Letter from the EEOC is attached as Exhibit "1".

**RESPONSE: The Breakers denies the allegations in Paragraph 6, except to admit that Plaintiff filed a Charge of Discrimination against The Breakers and filed this lawsuit within 90 days of issuance of the Notice of Right to Sue. Exhibit "1" speaks for itself.**

## DISCRIMINATION UNDER THE ADEA

7.  Plaintiff, whose age is 58 years, is an employee within the meaning of the ADEA and belongs to the class of employees protected under the statute, namely, employees over the age of 40. {See 29 U.S.C. §§630(f), 631 (a).}

**RESPONSE: The Breakers denies the allegations in Paragraph 7 except to admit that Plaintiff is an employee within the meaning of the ADEA as he is over the age of 40. The Breakers denies that Plaintiff is entitled to any relief, denies that Plaintiff has stated legally cognizable claims, and denies any liability.**

8.  For over 21 years Plaintiff was employed by Defendant as a food server in Defendant's banquets department, and during his employment, he was not subject to any disciplinary action by Defendant. Plaintiff was never provided any documentation of poor performance, and never orally told that he was not meeting the company's performance standards.

**RESPONSE: The Breakers denies the allegations in Paragraph 8 except to admit that Plaintiff was employed at The Breakers for over 21 years as a food server in the banquets department.**

9.  Defendant is an employer within the meaning of the ADEA, is engaged in an industry affecting commerce, and has twenty (20) or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. {See 29 U.S.C. §630(b).}

**RESPONSE: The Breakers admits that it is engaged in an industry affecting commerce and has twenty (20) or more employees for each working day in each of twenty (20) or more calendar weeks in this year and in the preceding calendar year.**

10. Defendant intentionally discriminated against Plaintiff because of his age (56 years old at the time of his termination) in violation of the ADEA in the following manner, to wit:

**RESPONSE: The Breakers denies the allegations in Paragraph 10.**

    i. On October 14, 2021, Defendant terminated Plaintiff's employment based on the perception that Plaintiff had COVID-19, and that despite his knowledge of having Covid-19, Plaintiff worked on September 18, 2021, and on September 19, 2021, in violation of the Defendant's health and safety policy;

**RESPONSE: The Breakers denies the allegations in Paragraph 10(i) except to admit that it terminated Plaintiff's employment on October 14, 2021 for his violations of The Breakers' health and safety policies.**

    ii. However, Plaintiff had worked the entire September 18, 2021, without any health issues. Plaintiff reported to work on September 19, 2021, because he was feeling fine and did not have any symptom or indication of a possible Covid-1 infection.

**RESPONSE: The Breakers denies the allegations in Paragraph 10(ii).**

    iii. At the end of his shift on September 19, 2021, Plaintiff asked if he could go home because he had a scratchy throat and other employees were being allowed to go home. Plaintiff's supervisor authorized him to leave early.

**RESPONSE: The Breakers denies the allegations in Paragraph 10(iii) except to admit that Plaintiff asked to leave a shift early because he was not feeling well and was coughing.**

4

    iv.    Plaintiff was off on September 20, 2021, (a scheduled rest day), but returned to work on September 21, 2021.

**RESPONSE: The Breakers denies the allegations in Paragraph 10(iv) except to admit that Plaintiff was off work on September 20, 2021 and worked on September 21, 2021.**

    v.    On September 22, 2021, Plaintiff's manager sent a SMS ("text") message, asking how he was feeling. Plaintiff replied that he was feeling fine. However, Plaintiff's manager instructed Plaintiff to remain at home in quarantine, to get treatment and to take a Covid-19 test before returning to work. Plaintiff did not have Covid-19.

**RESPONSE: The Breakers denies the allegations in Paragraph 10(v) except to admit that on September 22, 2021, Plaintiff's manager instructed Plaintiff not to return to work until he was cleared by The Breakers' staff following its protocols.**

    vi.    Plaintiff forwarded, via SMS/text message, Walgreens' message regarding the Covid-19 test results to his supervisor. On September 28, 2021, Plaintiff's supervisor replied (via text), "Duke please go to take another test." Plaintiff's supervisor instructed him to contact HR to let them know whether he wanted to use his accumulated sick or vacation days for those days that he missed.

**RESPONSE: The Breakers denies the allegations in Paragraph 10(vi) except to admit that on or about September 28, 2021, Plaintiff advised The Breakers that the results of his Walgreens COVID-19 test were inconclusive, The Breakers therefore instructed Plaintiff to obtain another test, and inquired whether Plaintiff wanted to use sick or vacation days for the days he was absent from work.**

    vii.    On September 29, 2021, Plaintiff went to the MD Center for a Covid-19 test.

**RESPONSE: The Breakers is without knowledge of the allegations in Paragraph 10(vii) and therefore denies same.**

  viii. On October 1, 2021, Plaintiff's supervisor texted him that "No one has heard from you in days, including HR, with your result." The supervisor's allegation was false, as a litany of contemporaneous communications between Plaintiff and Defendant had taken place. Moreover, Defendant had not scheduled Plaintiff to work during this time

**RESPONSE: The Breakers denies the allegations in Paragraph 10(viii) except to admit that Plaintiff's supervisor messaged him on or about October 1, 2021 when The Breakers still had not received his COVID test results and that it had not scheduled him to work at that time.**

  ix. On October 2, 2021, Plaintiff received a message from Defendant, informing him that his PRC test was scheduled for October 4, 2021.

**RESPONSE: The Breakers denies the allegations in Paragraph 10(ix) except to admit that on or about October 2, 2021, The Breakers scheduled Plaintiff for a COVID test with Premier Health to occur on October 4, 2021.**

  x. Defendant asked Plaintiff for his insurance card and driver license, which he provided. On October 5, 2021, Defendant confirmed that it had a copy of Plaintiff's insurance card and driver license.

**RESPONSE: The Breakers denies the allegations in Paragraph 10(x) except to admit that it requested Plaintiff's insurance card and driver's license in connection with the scheduled COVID test and confirmed receipt.**

  xi. Plaintiff sent Defendant the results of his Covid-19 test from MD Now Medical. The Covid-19 test results were negative. Defendant called Plaintiff to inform him

that he was cleared to return to work and that it would send Plaintiff's information to Plaintiff's manager to schedule him for work.

**RESPONSE: The Breakers denies the allegations in Paragraph 10(xi) except to admit that Plaintiff sent The Breakers the results of his COVID-19 test from MD Now and Plaintiff was medically cleared to return to work.**

xii.  However, on October 13, 2021, Plaintiff received a text message from his supervisor, asking him if he was available for a follow up phone call at 1:00 pm. The next day (October 14, 2021) Defendant terminated Plaintiff.

**RESPONSE: The Breakers denies the allegations in Paragraph 10(xii) except to admit that Plaintiff's supervisor scheduled a meeting with him for October 14, 2021 at which time Plaintiff's employment terminated.**

xiii.  On September 19, 2021, Plaintiff's supervisor called him to inform him told that he should resign.

**RESPONSE: The Breakers denies the allegations in Paragraph 10(xiii).**

11.  During Plaintiff's employment and after his termination on October 14, 2021, Defendant replaced older, more tenured employees, including Plaintiff, with younger, less experienced workers to staff its food and beverage operations.

**RESPONSE: The Breakers denies the allegations in Paragraph 11.**

## DAMAGES

12.  As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

**RESPONSE: The Breakers denies the allegations in Paragraph 12.**

i.  Plaintiff was discharged from employment with Defendant;

**RESPONSE: The Breakers denies the allegations in Paragraph 12(i) except to admit that Plaintiff's employment with The Breakers was terminated.**

    ii.    Although Plaintiff has diligently sought other employment, Plaintiff has been unable to find a job at comparable pay;

**RESPONSE: The Breakers is without knowledge of the allegations in Paragraph 12(ii) and therefore denies same.**

    iii.    In addition, Plaintiff has incurred expenses in seeking other employment (describe in detail, if any), and has had to pay for medical treatment that otherwise would have been covered by the health benefits plan offered by Defendant;

**RESPONSE: The Breakers is without knowledge of the allegations in Paragraph 12(iii) and therefore denies same.**

    iv.    Plaintiff suffered loss of his pension or retirement benefits;

**RESPONSE: The Breakers is without knowledge of the allegations in Paragraph 12(iv) and therefore denies same.**

    v.    Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Reinstatement of Plaintiff in his previous position is impracticable and unworkable. Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate him up to the mandatory retirement age of ( );

**RESPONSE: The Breakers denies the allegations in Paragraph 12(v) except to admit that Plaintiff purports to seek compensation for lost wages and benefits and front pay. The Breakers denies that Plaintiff is entitled to any relief, denies that Plaintiff has stated legally cognizable claims, and denies any liability.**

  vi. Defendant's conduct was an intentional and willful violation of the ADEA. Plaintiff is entitled to an award of liquidated damages within the meaning of he ADEA and the FLSA.

**RESPONSE: The Breakers denies the allegations in Paragraph 12(vi).**

## ATTORNEY FEES & COSTS

11. Plaintiff is entitled to an award of attorney fees and costs under the ADEA.

**RESPONSE: The Breakers denies the allegations in Paragraph 13.**

**All allegations of the Complaint not specifically admitted are hereby denied.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part to the extent any of the claims are barred by the applicable statute of limitations.

2. Plaintiff's claims are barred to the extent that he failed to exhaust administrative remedies. Plaintiff's claims are limited by the validity and scope of the Charge of Discrimination filed by Plaintiff with the Equal Employment Opportunity Commission and are barred to the extent that they exceed the scope of such Charge.

3. Plaintiff's claim fails in whole or in part because any actions or decisions taken by The Breakers in connection with Plaintiff's employment were based on legitimate, non-discriminatory reasons, specifically, Plaintiff's violation of The Breakers' health and safety protocols by reporting to work with symptoms of COVID-19.

4. Plaintiff's claim fails in whole or in part to state a claim upon which relief can be granted. Among other things, Plaintiff does not, and cannot, establish any causal connection between his age and any adverse employment action taken against him.

5. Plaintiff's claims fail to the extent Plaintiff has failed in any respect to mitigate or minimize his alleged damages. Any earnings by Plaintiff and any amounts earnable with reasonable diligence by Plaintiff will reduce damages otherwise allowable to Plaintiff.

6. Plaintiff's damages may be reduced by the after-acquired evidence doctrine.

7. Plaintiff has failed to allege any facts that would, if proven, provide a basis for awarding punitive damages.

The Breakers reserves the right to amend any current affirmative defenses or to add additional affirmative defenses that may become known during the course of discovery.

WHEREFORE, The Breakers respectfully requests that the Court enter judgment in The Breakers' favor against Plaintiff and that The Breakers be awarded its attorneys' fees and such other and further relief as is necessary and appropriate under the circumstances.

Dated:  July 5, 2022

**HOLLY GRIFFIN GOODMAN**
Holly Griffin Goodman (FBN 93213)
Email:  hgriffin@gunster.com
GUNSTER, YOAKLEY & STEWART, P.A.
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1080
Facsimile:  561-655-5677

ACTIVE:18747234.1